Filed 4/17/25  In re K.C.-M. CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re K.C.-M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>K.C.-M.,<br><br>        Defendant and Appellant. | A169414, A169419, A169612<br><br>(Contra Costa County Super. Ct. No. J1601174) |

In November 2023, following an incident where K.C.-M.[1] (then a 13-year-old dependent of the court) brandished a knife at her foster parents and another minor at her foster home, the Contra Costa County District Attorney filed a Welfare and Institutions Code section 602 juvenile wardship petition charging K.C.-M. with three felony counts.[2]

_____

[1] Although the trial court docket lists appellant as K.C., we refer to her as K.C.-M. as the record and briefing reflect those are her full initials.

[2] All further undesignated statutory references are to the Welfare and Institutions Code.

That same month, and pursuant to a negotiated disposition, K.C.-M. pled no contest to misdemeanor criminal threats (Pen. Code, § 422, subd. (a)), reduced from a felony charge, and an amended felony count of battery causing serious bodily injury (*id.*, § 243, subd. (d)). The remaining charges were dismissed on motion of the district attorney. K.C.-M. waived her right to appeal from the jurisdiction order. The court sustained the section 602 petition and placed K.C.-M. on six months of nonwardship probation pursuant to section 725 subject to, among other terms, standard conditions of probation, 90 days of home supervision, and an electronic search condition.

In December 2023, after continued noncompliance with the terms of her probation, including misconduct at and fleeing from her supervised placement, the juvenile court found K.C.-M. in violation of her section 725 nonwardship probation and terminated it unsuccessfully. The court ordered K.C.-M. detained in juvenile hall pending final disposition on the section 602 petition.

Following contested disposition hearings in January 2024, the court adjudged K.C.-M. a ward of the court, committed her to a county institution for a period not to exceed her remaining custody time of three years and 51 days, and dismissed her section 300 dependency. The court ordered K.C.-M. to participate in the "Girls in Motion" program in juvenile hall, finding it was the least restrictive disposition reasonably available. It further ordered her to participate in counseling services funded by probation, imposed standard terms of probation at her placement, and imposed an electronic search condition.[3]

---

[3] The electronic search condition required K.C.-M. to "submit her cell phone and any other electronic devices under her control . . . to a search of any social media applications or accounts and of any communications stored on the phone or device[,] including texts[,] to reveal whether or not she's

Counsel for K.C.-M. has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal. The brief includes counsel's declaration stating that counsel informed K.C.-M. that a *Wende* brief would be filed on her behalf. K.C.-M. was served a copy of the *Wende* brief and apprised of her right to file a supplemental brief within 30 days. More than 30 days have now elapsed, and K.C.-M. has not filed a supplemental brief. Having independently reviewed the record, we have found no reasonably arguable appellate issue. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

## DISPOSITION

The judgment is affirmed.

PETROU, J.


WE CONCUR:

TUCHER, P. J.
FUJISAKI, J.


A169414, A169419, A169612; *In re K.C.-M.*

---

complying with the terms of her wardship probation" "with or without a search warrant."

3